**ZI YAN LIN, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 06–4402–ag.

United States Court of Appeals, Second Circuit.

Aug. 1, 2007.

Lin Li, New York, NY, for Petitioner.

Chuck Rosenberg, United States Attorney for the Eastern District of Virginia, Olivia Hussey, Assistant United States Attorney, Alexandria, VA, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Zi Yan Lin, a native and citizen of China, seeks review of an August 31, 2006 order of the BIA affirming the April 19, 2005 decision of Immigration Judge ("IJ") Gabriel C. Videla denying petitioner's applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *See In re Zi Yan Lin,* No. A78–852–668 (B.I.A. Aug. 31, 2006), *aff'g* No. A78–852–668 (Immig. Ct. N.Y. City Apr. 19, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When—as in Lin's case—the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews questions of law and the application of law to undisputed fact *de novo. Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). However, we review factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

As an initial matter, because Lin failed to raise to the BIA any challenge to the IJ's finding that she did not qualify for withholding of removal under INA § 241(b)(3), we lack jurisdiction to consider such a challenge and dismiss the petition for review to that extent. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006). For similar reasons, we decline to consider Lin's due process claim regarding the withdrawal of her asylum application. *See Theodoropoulos v. INS,* 358 F.3d 162, 172–73 (2d Cir.2004) (noting that where the BIA may decide underlying issues of fairness of process, and could have provided the possibility of relief, petitioner was required to exhaust even due process claims before petitioning the Court for review). Additionally, in her appeal to the BIA, Lin claimed that, *because she had left China illegally,* it was more likely than not that she would be tortured if she returned to that country. At no point in her appeal did Lin claim that her fear stemmed from

her practice of Falun Gong. Thus, Lin failed to exhaust any claim based upon such practice. *See Lin Zhong v. U.S. Dep't. of Justice,* 480 F.3d 104, 123–24 (2d Cir.2007) (holding that although issue exhaustion is not jurisdictional, as a general rule, this Court will not consider issues not raised to the BIA). Although we may decline to consider unexhausted issues regardless of whether the Government urges us to do so, we note that, in this case, the Government has affirmatively asserted that Lin failed to exhaust her Falun Gong claim. *See id.*

Turning to Lin's remaining claim, substantial evidence supports the agency's determination that Lin failed to establish eligibility for relief under the CAT. "To establish eligibility for protection under the CAT, an applicant bears the burden of proving that 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159 (2d Cir.2005) (quoting 8 C.F.R. § 1208.16(c)(2)).

Although some of the documentary evidence in the record indicates that some prisoners in China have been tortured, Lin has not established that someone in her particular alleged circumstances, i.e., someone who left China illegally, is more likely than not to be tortured if forced to return to China. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir.2003). Thus, the IJ's denial of Lin's application for CAT relief is supported by substantial evidence.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. The pending motion for a stay of removal in this petition is DENIED as moot.